

*Handwritten note:* Any request to this request should be filed by 2/11/25. /s/ Denise Cote 2/7/25

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>**100 CHURCH STREET**<br>**NEW YORK, NY 10007** | **Adam Bevelacqua**<br>*Special Federal Litigation Division*<br>*212-356-2105*<br>*Facsimile: (212) 356-3509*<br>*abevelac@law.nyc.gov* |

February 7, 2025

Honorable Denise L. Cote *(by ECF)*
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: <u>Burgess v. City of New York, et al.</u>, 24-CV-3501 (DLC)

Your Honor:

      I am an attorney in the office of the Muriel Goode-Trufant, Corporation Counsel of the City of New York, counsel for defendants City of New York, Sgt. Nicholas Dellatacoma, and POs Alen Mariano, Chaim Winderman, and Rabbi Fazla. Defendants request that the Court bifurcate discovery with respect to plaintiff's municipal liability claim against defendant City of New York pursuant to <u>Monell v. City of New York Department of Social Services</u>, 436 U.S. 658 (1978), and stay any discovery related to such claim unless, and until, a date after which liability has been established against the individual City defendants pursuant to Federal Rules of Civil Procedure 26(c) and 42(b). Plaintiff opposes this request.

      By way of background, plaintiff asserts various claims, including excessive force and excessive delay, liability pursuant to the Americans with Disabilities Act, and municipal liability, *inter alia*, arising out of plaintiff's arrest and subsequent hospitalization from June 23, 2023 until June 28, 2023. To date, plaintiff, a plaintiff's witness, and two defendants have each been deposed. The parties are in the process of completing document discovery related to the underlying claims.

      Defendants respectfully request that the Court bifurcate discovery with respect to plaintiff's municipal liability claims against the City of New York and stay any discovery. "It is well-established that a court may order separate trials in order to 1) avoid prejudice; 2) provide for convenience; or 3) expedite the proceedings and be economical." <u>Ricciuti v. New York City Transit Auth.</u>, 796 F. Supp. 84, 86 (2d Cir. 1999). "It is also established that bifurcation requires the presence of only one of these conditions." <u>Id.</u> In this Circuit, "courts often order bifurcation

in 1983 civil rights cases where there are <u>Monell</u> claims against the municipality." <u>Tabor v. New York City</u>, No. 11-CV-195 (FB), 2012 U.S. Dist. LEXIS 29004, at *31 (E.D.N.Y. Feb. 23, 2012). In <u>Morales v. Irizarry</u>, the court stated, "[t]he overwhelming weight of authority holds that since the City's liability is derivative of the individual defendants' liability, and since the proof required to establish a <u>Monell</u> claim is substantially different from the proof necessary to establish individual liability, the most prudent course is to try the <u>Monell</u> claims separately and to stay discovery concerning those claims until the liability of the individual defendants is established." <u>Morales v. Irizarry</u>, No. 95-CV-5068 (AGS) (HBP), 1996 U.S. Dist. LEXIS 15613, at *3 (S.D.N.Y. Oct. 22, 1996). Here, bifurcation or a stay of <u>Monell</u> discovery is also warranted as it would conserve resources and avoid any inefficient and unnecessary discovery disputes.

In the instant matter, plaintiff was arrested for assaulting a 71-year-old man. Throughout the subsequent arrest process, plaintiff did not have her insulin on her person, which she is supposed to take four times per day. Consequently, she suffered health complications in custody and was rushed to a local hospital. Plaintiff spent two days in the Intensive Care Unit and, thereafter, spent three more days in the hospital until she was arraigned[1] (remotely). At that arraignment, the Court set $10,000 bail, which plaintiff's family paid. According to plaintiff during her deposition, throughout her time in the hospital, with the exception of the period where plaintiff threatened self-harm, plaintiff was allowed to be un-cuffed by each officer so that she could shower and use the restroom. The officers also allowed her a phone call to her mother and girlfriend and, thereafter, the officers allowed the nursing staff to pass communication along from plaintiff's mother.

Under these circumstances, the claims against these officers may not survive summary judgment. Furthermore, no evidence has been produced in discovery so far tending to show that the New York City Police Department has a policy of purposefully, illegally, or unreasonably delaying arraignments for arrestees hospitalized for complications related to not taking insulin. Nor is there any indication that the NYPD had any say over when the Criminal Court scheduled the plaintiff's virtual arraignment. Rather, in the instant case, the arresting officer had turned over all arrest paperwork to the Kings County District Attorney's Office within 24 hours of the arrest. Regardless, any delay in arraignment was reasonably based on a bona fide emergency. <u>County of Riverside v. McLaughlin</u>, 500 U.S. 44, 56 (1991) ("Where an arrested individual does not receive a probable cause determination within 48 hours, the burden of proof shifts to the government to demonstrate the existence of a bona fide emergency..."). A health emergency is a classic bone fide emergency, and the facts of this case do not support the notion that plaintiff's arraignment was delayed due to "ill will." <u>Id</u>.

Bifurcation would promote the goals of Rule 42 of the Federal Rules of Civil Procedure: expediency and economy.

Starting with expediency, this case is not complicated and discovery can be completed in a reasonable amount of time. In fact, the parties have made progress by completing four depositions and by working on our exchanged documents requests. Without <u>Monell</u>, discovery on the underlying claims will be limited to four or five more depositions, at most, and,

---

[1] At which point, the Court set $10,000 bail, which was not paid until the following day.

so far, most of the completed depositions have taken less than two hours each. The remaining discovery process should not take long. Furthermore, the NYPD defendants have already produced almost all the documents in their possession pursuant to Rule 26 of the Federal Rules of Civil Procedure. The parties are in the process of responding to interrogatory and production requests, which should be completed this month. In contrast, Monell discovery will be a much more time-consuming process. Plaintiff has indicated that, to support any Monell claim, she will be seeking documents related all trainings, policies, procedures and directives regarding all hospitalized arrestees, regardless of medical conditions or circumstances. Plaintiff also has indicated the possibility of noticing a 30(b)(6) witness about such policies, which also would add the burden of finding a specific knowledgeable witness to speak on this topic, as eventually narrowed, and preparing them for said deposition. At this juncture, these requests are overbroad and inappropriate given that plaintiff has established no factual basis to support her Monell claim.

Bifurcation would promote economy in this matter as well. First, it is not economical or efficient to focus on a claim that may be easily eliminated. On a Rule 56 motion, defendants will demonstrate that plaintiff was kept at the hospital under reasonable circumstances for a reasonable amount of time and that she only was kept in handcuffs for a few hours by one police officer during plaintiff's mental health episode because plaintiff had threatened to hurt herself. Under these circumstances, where defendants' behavior should be found reasonable at each stage of this arrest-to-arraignment process, it is not economical to engage in *Monell* discovery until the Court considers the underlying claims with the benefit of a full record.

Finally, Monell discovery will be expensive. This sort of *Monell* discovery that plaintiff seeks will expend the City's limited resources. In this case, where plaintiff has not alleged serious or lasting damages, Monell discovery and litigation simply would serve as an attempt to add value to plaintiff's action. Bifurcation would ensure that the Court's time (and a jury's time) are not wasted on a claim that will be eliminated. Indeed, convenience and economy are "served . . . because bifurcation could lead to an earlier and less costly disposition." Ricciuti, 796 F. Supp. at 85. Engaging in Monell discovery prior to plaintiff proving an underlying constitutional violation—in this case, excessive delay in the hospital and related claims—is not economical.

Should plaintiff's claim withstand defendants' anticipated motion for summary judgment, her municipal liability claim would be ripe at that time. Defendants respectfully request, for the reasons cited *supra*, that the Court bifurcate Monell discovery.

Thank you for considering this matter.

Respectfully submitted,

/s/ *Adam Bevelacqua*
Adam Bevelacqua

cc:    All Counsel of Record *(by ECF)*