# ZMO LAW PLLC

February 11, 2025

*Via ECF and email*

Hon. Denise L. Cote
Daniel Patrick Moynihan US Courthouse
500 Pearl St
New York, NY 10007

> [Handwritten note:] The defendants' 2/7/25 motion to bifurcate is granted. As for fn. 2, there is no outstanding motion. /s/ Denise Cote 2/12/25

RE: *Kiana Burgess v. City of New York, et al.*, 1:24-cv-03501-DLC

Dear Judge Cote:

    This office represents Kiana Burgess in the above-captioned civil rights matter. We write to oppose Defendants' motion to bifurcate individual and *Monell* discovery. ECF No. 43. But this lawsuit at its heart is about the unconstitutional New York City policy of always shackling detainees who are hospitalized: each of the defendant officers is expected to state they were following that policy when they restrained Ms. Burgess. Moreover, as discussed below, the contemplated *Monell* discovery is likely limited in scope to a single Fed. R. Civ. P. 30(b)(6) deposition and *Monell* liability is not contingent upon the liability of the individual officers. Accordingly, bifurcation would cause unnecessary delay and an inefficient use of judicial resources.

## Relevant Facts

    On June 23, 2024, Kiana Burgess was arrested in the East 86th Street subway station at approximately 12:45 p.m. The arrest occurred after a stranger sat on Ms. Burgess's lap on the train car, and when she told him to move, he yelled at her and then pushed her. In response, Ms. Burgess struck the man one time.

    Ms. Burgess is an insulin-dependent diabetic. At the time of her arrest, she repeatedly told officers she needed insulin. She did not receive the drug (which is administered intravenously). After 12 hours, she began vomiting uncontrollably while awaiting arraignment at the criminal courthouse located at 100 Centre Street in Manhattan. Only then was an ambulance called.

    Ms. Burgess was taken to New York-Presbyterian Hospital and diagnosed as suffering from diabetic ketoacidosis due to missing insulin. Though she was alert and in her own room throughout her hospital stay, Defendants failed to arraign her until the late afternoon of June 28, 2023, five days after her initial arrest.

353 LEXINGTON AVENUE, SUITE 900 • NEW YORK, NY 10016
(212) 685-0999 • TC@ZMOLAW.COM
WWW.ZMOLAW.COM

ZMO Law PLLC

Throughout the time Ms. Burgess was held, the Defendants shackled her legs together and handcuffed her wrist to the bed. In his submission, defense counsel incorrectly states Ms. Burgess was "only was kept in handcuffs for a few hours by one police officer during plaintiff's mental health episode because plaintiff had threatened to hurt herself," ECF No. 43 at 3. This account is contradicted by the deposition testimony of defendant Officer Fazla, as well as hospital records which document that Ms. Burgess was shackled throughout her stay. *See, e.g.*, Ex. B: Hospital Progress Note (redacted). While all but one officer allowed Ms. Burgess to be uncuffed when she had to use the bathroom, and once to shower, at every other moment of those five days, Ms. Burgess was handcuffed to the bed and her legs were shackled together. We do not expect the defendants to dispute this fact.

Defendant Officer Fazla testified in his deposition that the New York City Police Department ("NYPD") Patrol Guide required officers to handcuff arrestees to hospital beds and shackle their legs together *every* time someone under arrest was hospitalized before their arraignment. *See* Ex. A: Excerpt of Fazla Deposition. He further testified that he received no training about how to ensure a hospitalized detainee was arraigned, nor did he receive any training on the constitutional requirements of a speedy arraignment. The other officer Defendants who maintained custody of Ms. Burgess during her hospitalization have not yet been deposed, but Plaintiff anticipates that their testimony will be consistent with Fazla's regarding NYPD policies and training, which are also set forth in the Patrol Guide.

### *Bifurcation would undermine judicial economy*

The Complaint alleges that NYPD officers violated the Fourth Amendment by cuffing and shackling Plaintiff to a hospital bed for five days rather than releasing her or conducting a bedside arraignment. *See* ECF No. 1. The Complaint further alleges that the officers acted pursuant to an official municipal policy and that the City is therefore liable under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).

From the depositions conducted thus far, it appears that the officers were acting under the formal City policy set forth in the NYPD Patrol Guide when they restrained Ms. Burgess by shackling her legs and handcuffing her to the bed without making any individualized assessment of the need for such restraints. Officer Fazla's testimony, which we expect to be repeated by the other officers to be deposed, seems to indicate that defendants may try to use the patrol guide or the chain of command as some sort of defense to their blatantly illegal treatment of Ms. Burgess. Accordingly, the details of the policies and practices are an important area of discovery even for individual liability.

Plaintiff can—and already has—requested production of the relevant policies and training materials as part of the discovery necessary for the case against the individual

2/11/25
Page 2

ZMO Law PLLC

defendant officers. Thus, the only additional discovery that will result if *Monell* discovery is allowed to proceed is likely to be a single Fed. R. Civ. P. 30(b)(6) deposition, which can be completed within the scheduled discovery period.

Defense counsel claims that *Monell* discovery will be "expensive," but gives no explanation for why that would be so. ECF No. 43 at 3. The requested policies and training materials are focused and limited in scope. A single Fed. R. Civ. P. 30(b)(6) witness will not create significant added expense for the City, though a bifurcated trial and discovery schedule presumably would as it would require the empaneling of two separate juries.

Separating *Monell* discovery when it constitutes only a single deposition is more harmful to judicial economy than allowing *Monell* discovery to proceed. Moreover, a bifurcated trial would result in an unnecessary duplication of witnesses and evidence, let alone additional work for the attorneys and the Court.

The wisdom of allowing *Monell* discovery to proceed is underlined by courts that have declined to bifurcate where, as here, "there is a close nexus between the conduct of an official on a given occasion and a municipal practice or policy." *Pavlovich v. City of New York*, 91-cv-5030 (PKL), 1992 WL 230472, at *3 (S.D.N.Y. Aug. 31, 1992) (denying motion for separate trials and a stay of *Monell* discovery). Rather than promote judicial economy, bifurcation would "cause a waste of judicial resources if witnesses and evidence must be presented twice." *DeVito v. Barrant*, 03-CV-1927 (DLI) (RLM), 2005 WL 2033722 (E.D.N.Y. Aug. 23, 2005).

Bifurcation "would not further convenience or be conducive to expedition and economy; rather, it would require the Court to try two cases that are essentially the same except for additional evidence which might be presented in support of plaintiff's *Monell* claim." *Jeanty v. County of Orange*, 379 F. Supp. 2d 533, 550 (S.D.N.Y. 2005). Even if the individual defendants were to prevail on the constitutional claims, the City will still need to defend itself against the violation of the Americans with Disabilities Act claim, as well as common law torts of false imprisonment and intentional infliction of emotional distress. *DeVito*, 2005 WL 2033722, at *11 (denying motion to bifurcate where "the City would have to defend itself at trial on the vicarious liability claims even if a separate trial were held for the Monell and negligent training and supervision claims").

Thus, the defense request to bifurcate *Monell* discovery should be denied in the interest of judicial economy.

### Plaintiff's Monell claim is not contingent on individual liability

Defendants predicate their motion to bifurcate *Monell* discovery on the premise that the *Monell* claim will only be ripe if, and when, defendants' summary judgment motion is

2/11/25
Page 3

ZMO Law PLLC

denied. ECF No. 43. That is not correct. There are scenarios where even if individual officers are not found to be liable, *Monell* liability still exists.

A plaintiff can prevail where the collective acts of municipal employees caused a constitutional violation but it is difficult to identify which employees, if any, are individually liable, so long as the violation is traceable to a City policy.[1] *See Barrett v. Orange Cty. Hum. Rts. Comm'n*, 194 F.3d 341, 350 (2d Cir. 1999) ("[M]unicipal liability for constitutional injuries may be found to exist even in the absence of individual liability, at least so long as the injuries complained of are not solely attributable to the actions of named individual defendants."); *Golodner v. City of New London*, 443 Fed. App'x 622, 625 (2d Cir. 2011)(affirming *Barrett*). *See also Carter v. City of New York*, 08-cv-5799 (PAC), 2013 WL 553756 at *1 (S.D.N.Y. Feb. 8, 2013). *Newson v. City of New York*, No. 16-CV-6773(ILG) (JO), 2019 WL 3997466 at *3 (E.D.N.Y. Aug. 23, 2019) (upholding *Monell* claim where *no* individual defendants were named).

*Barrett* illustrates this point. There, the plaintiff brought a First Amendment claim against some but not all members of the Orange County Human Rights Commission and an attendant *Monell* claim against Orange County. The jury returned a verdict in favor of the individual defendants and did not consider the *Monell* claim because the court instructed them that *Monell* liability was contingent on individual liability. The Second Circuit reversed, holding that "municipal liability for constitutional injuries may be found to exist even in the absence of individual liability, at least so long as the injuries complained of are not solely attributable to the actions of named individual defendants." *Barrett*, 194 F.3d at 350. Where a group of municipal employees act collectively to violate a plaintiff's rights, the municipality may be liable even if only some employees in the group are individual defendants and they are found not individually liable. *Id.*

Here, City employees clearly violated Plaintiff's rights by handcuffing and shackling Plaintiff for five days rather than conducting a bedside arraignment or releasing her. *See County of Riverside v. McLaughlin*, 500 U.S. 44, 56-57 (1991) (pre-arraignment detention beyond 48 hours is presumptively unreasonable). Given the number of employees involved and the difficulty of untangling the web of individual conduct, it is possible for a jury to find no individual liability while also finding that municipal policy caused Plaintiff's

---

[1] This is exactly the position the Plaintiff may find herself in, as the City continues to struggle to identify all the individual officers assigned to watch Ms. Burgess at the hospital, and it appears that any given officer may only have spent one, or at most two, eight-hour shifts with Ms. Burgess.

2/11/25
Page 4

ZMO Law PLLC

injuries.[2] *See generally Walker v. City of New York*, 11 Civ. 314 (CBA)(JMA), 2014 WL 12652345 at *6 (E.D.N.Y. Sept. 3, 2014), *aff'd*, 638 Fed. Appx. 29 (2d Cir. 2016) (liability for excessive detention requires sufficient "personal involvement."). Or, a jury may find that the individual defendants are liable, but only for the fraction of time they were physically present with Plaintiff in the hospital, leaving Plaintiff with only a partial remedy for the injuries she suffered as a result of the City's policies.

In other words, bifurcation could easily result in unnecessary delay due to the duplication of first discovery, then summary judgment practice, and finally trial. Compared to what may end up being only a single Fed. R. Civ. P. 30(b)(6) deposition, this duplication is unwarranted and inefficient.

## Conclusion

In this case, bifurcating *Monell* discovery will significantly reduce judicial economy. The *Monell* discovery is almost certainly limited in scope to a single additional deposition. The defendant officers' actions are alleged largely be aligned with the City's unconstitutional policies and training. The individual officers need not be found liable for the City to be found liable in this case. As a result, there is no reason to bifurcate *Monell* discovery, and substantial reasons to allow *Monell* discovery to proceed.

Thank you for your attention to this case.

Very truly yours,

*Tess Cohen*

Tess Cohen
Partner

CC: Adam Bevelaqua, Esq.

---

[2] Indeed, paper discovery has revealed seven additional officers who were personal involved in detaining Plaintiff in the hospital. Plaintiff's motion to add these individuals as defendants is pending before the court. *See* ECF No. 18.

2/11/25
Page 5